Leonard J. and Virginia Jenard v. Commissioner.
Jenard v. Commissioner
Docket No. 74346.
United States Tax Court
T.C. Memo 1961-70; 1961 Tax Ct. Memo LEXIS 278; 20 T.C.M. (CCH) 346; T.C.M. (RIA) 61070; March 15, 1961
*278 Held, petitioner's deductible loss resulting from a fire to his residence cannot exceed the cost of repairs that restored the property to its condition before the fire, less fire insurance recovery. Eustace T. Pliakas, Esq., Hospital Trust Bldg., Providence, R.I., for the petitioners. J. Frost Walker, Jr., Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency in the petitioners' income tax for 1955 in the amount of $5,362.77. The only issue is the amount of the casualty loss deductible by petitioners in 1955 as a result of the damage to their residence by fire. Findings of Fact Some of the facts *279 have been stipulated and they are hereby incorporated by this reference. Leonard J. and Virginia Jenard, husband and wife, are residents of Pawtucket, Rhode Island. They filed a joint income tax return for 1955 with the district director of internal revenue for the district of Rhode Island. Leonard will hereinafter be called the petitioner. On December 21, 1955 the petitioner's residence was damaged by fire. Following the fire the petitioner engaged Alphage Ferland & Sons, Inc. to rebuild their residence and paid it $23,782.47. It is stipulated that the repairs and rebuilding made by Alphage Ferland & Sons, Inc. for $23,782.47 restored the building in question to its condition immediately before the casualty. When the fire occurred, the petitioner had in force and effect insurance coverage in the amount of $50,000 pertaining to the residence alone. The amount of insurance recovery obtained by petitioner through his policy of insurance was $18,377.40. The adjusted basis of the petitioner's residence (built in 1948) immediately prior to the fire was greater than the sustained loss. In their joint income tax return for 1955 the petitioner and his wife claimed a casualty loss *280 in the amount of $12,459.32, stating that their residence was substantially destroyed by fire. Respondent disallowed the entire casualty loss deduction in the amount of $12,459.32, with the explanation that the petitioner failed to establish "that the alleged loss was not compensated for by insurance or otherwise within the meaning of Section 165 of the Internal Revenue Code of 1954." It was stipulated that the casualty loss deduction of $12,459.32 claimed by the petitioner in the 1955 income tax return consisted of (1) loss of residence by fire, $9,275.81; and (2) loss of personal effects by fire, $3,183.51, and it is also stipulated that petitioner does not contest respondent's disallowance of $3,183.51 claimed as a loss of personal effects. But in an amendment to his petition the petitioner alleges that he incurred a casualty loss caused by fire to his residence in the amount of $13,622.70, [1] rather than $9,275.81. Respondent concedes that petitioner is entitled to a casualty loss deduction of $5,405.07 for the year 1955. Opinion
*281 The measure of a casualty loss under section 165(c)(3) of the Internal Revenue Code of 1954 on nonbusiness property is the difference between the fair market value of the property immediately before and immediately after the casualty, but not in excess of the adjusted basis of the property, and diminished by any compensation derived from insurance or otherwise. Helvering v. Owens, 305 U.S. 468. Petitioner contends that the fair market value of his residence immediately before and after the fire was $62,000 and $30,000, respectively. From the purported loss of $32,000 he then subtracts $18,377.40, which is the amount of the insurance recovery, and he claims the balance, or $13,622.60 as a casualty loss. It is stipulated: Following the fire the petitioners engaged Alphage Ferland & Sons, Inc. to rebuild their residence and paid Alphage Ferland & Sons, Inc. the sum of $23,782.47. The repairs and rebuilding made by Alphage Ferland & Sons, Inc. for $23,782.47 restored the building in question to its condition immediately before the casualty. Respondent now allows petitioner's casualty loss in the sum of $5,405.07, which represents the excess *282 of petitioner's cost over insurance of repairs and rebuilding to restore the building to its condition immediately before the fire. Sec. 1.165-7(a)(2)(ii), Income Tax Regs., provides that the "cost of repairs to the property damaged is acceptable as evidence of the loss of value * * *." From the above, it is seen petitioner is contending he suffered a loss by reason of the fire which was $8,217.53 more than the cost of restoring the house to the condition it was in before the fire. Petitioner argues a burned building suffers a loss in market value, over and above the cost of restoring it to its condition before the fire; that a loss of value results because a prospective buyer in the market for a house would, upon learning of the fire, fear that there may have been latent structural weaknesses caused by the fire which were not repaired; and, therefore, the very occurrence of the fire serves to decrease the fair market value in an amount in excess of repair costs. It is true, as petitioner argues, the loss is measured by the fair market value before and after the fire and the Commissioner's regulations (Sec. 1.165-7(a)(2)(ii)) as to repair costs is no *283 more than a rule of evidence. But here the stipulation establishes complete restoration as a verity. We must assume no latent structural weaknesses did, in fact, remain. Nevertheless, petitioner and his expert witness say it must also be assumed the fear that latent structural weaknesses remain, will be present in the minds of prospective buyers, which will drive the price of the house down. Since the parties have stipulated in effect there were no latent defects, such fears would be groundless. Ascertaining the fair market value before and after the fire is merely the tool used for measuring the extent of the casualty loss. When the property suffers a repairable loss, the loss is measured by the difference between the fair market value immediately before the fire and the fair market value immediately after the fire in its partially damaged state. Obviously the fair market value of such property in its damaged state amounts to no more than an estimate or determination of what it will cost to repair the damage and restore it to its former condition and subtracting that sum from the fair market value before the fire. Here that sum is stipulated and now allowed as the extent of petitioner's *284 casualty loss. He is not entitled to more because the property must bear the stigma of having once been damaged by fire, and this fact alone might make prospective future purchasers wary of buying. Fair market value is determined by elements of value that inhere in the property and not the groundless fears of prospective buyers. A complete answer to petitioner's contention is found in that portion of the statute excluding losses covered by insurance. Clearly a taxpayer whose casualty damaged property is restored to its prior condition by insurance funds, suffers no deductible loss under the statute. And yet the full force of petitioner's argument here would mean that if he had insurance coverage that paid the entire repair bill for restoring the property to its former state, in the sum of $23,782.47, he would still have a casualty loss in the sum of $8,217.53. That the statute intended no deduction for a fully insured casualty loss is too clear for argument. We hold that the amount of petitioner's deductible casualty loss in 1955 resulting from the fire to his residence is $5,405.07. Decision will be entered under Rule 50. Footnotes
1. There is no explanation of the slight discrepancy between $13,622.70 and the figure petitioner uses in his brief.↩